IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY J. OLIVER, : : Plaintiff, : : v. : : GEORGIA DEPARTMENT OF : CORRECTIONS and Commissioner : TYRONE OLIVER,[1] : : Defendants. : : | No. 5:24-CV-374 (CAR) |

<u>**ORDER ON DEFENDANTS GEORGIA DEPARTMENT OF CORRECTIONS AND COMMISSIONER TYRONE OLIVER'S MOTION TO DISMISS**</u>

Plaintiff Anthony J. Oliver filed a Complaint alleging Defendants Georgia Department of Corrections and Commissioner Tyrone Oliver, in his individual and official capacities, were deliberately indifferent to his serious medical needs pursuant to 42 U.S.C. § 1983.[2] Defendants have filed a Motion to Dismiss Plaintiff's Complaint,

---

[1] Plaintiff brings claims against Defendants John Doe 1-10, which are fictitious parties. These claims are dismissed because "fictitious party pleading is [generally] not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage;' but that exception does not apply here. *Richardson*, 598 F.3d at 738 (citation omitted). Plaintiff alleges the Does "are various state actors." Complaint [Doc. 1 ¶ 7]. This description is insufficient to render the Does' label mere "surplusage." Thus, the Court *sua sponte* **DISMISSES** John Doe 1-10 under the fictitious party pleading rule.

[2] Plaintiff originally brought claims against Defendants Centurion of Georgia LLC, MHM Correctional Services LLC, and Wellpath LLC, in addition to the remaining Defendants. Plaintiff voluntarily dismissed Defendants Centurion, MHM, and Wellpath. *See* Notices of Voluntary Dismissal [Docs. 9, 11].

1

arguing Plaintiff fails to state a claim on which relief can be granted, and Defendants are entitled to qualified immunity and sovereign immunity. Plaintiff failed to file a response.[3] For the reasons explained below, Defendants' Motion to Dismiss [Doc. 12] is **GRANTED.**

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[4] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[7]

---

[3] Plaintiff failed to timely respond to Defendants' Motion to Dismiss. Nearly three months after Plaintiff's response was due, his counsel moved for an extension of time to respond. In this Motion, Plaintiff's counsel asked for an additional six weeks to file his response because of foot surgery he underwent one month earlier. *See* Motion to Extend Time [Doc. 15]. Plaintiff fails to explain why he could not file a response during the time allotted or during the two months before his foot surgery. Moreover, granting an extension would unduly prejudice Defendants by delaying the disposition of this case further. Thus, the Court **DENIES** Plaintiff's Motion to Extend Time [Doc. 15]. Nearly three weeks after moving for an extension of time, Plaintiff's counsel moved to withdraw as counsel for health reasons and requested a 30-day extension of time for the Plaintiff to respond to the Motion to Dismiss *pro se*. Because the Court is dismissing this case, the Motion to Withdraw as Counsel and Motion for Extension of Time [Doc. 16] are **MOOT.**
[4] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[6] *Id.*
[7] *Bell Atl. Corp.*, 550 U.S. at 556.

## BACKGROUND

The Court accepts Plaintiff's allegations as true. Plaintiff is an inmate in GDC custody and was incarcerated at Rogers State Prison ("RSP") during most of the relevant time.[8] Defendant Oliver is the Commissioner of Defendant Georgia Department of Corrections ("GDC").[9] In 2021, Plaintiff was in GDC custody when he was attacked by another inmate, sustaining fractures to his lower back.[10] After the attack, prison staff took Plaintiff to a hospital where he "underwent several x-rays, cat scans, and an MRI."[11] Plaintiff's doctors informed him that he "would be required to wear a back brace for at least a year, [would be] confined to a wheel chair, and would need orthopedic surgery."[12] A few months later, Plaintiff was transferred to Augusta State Medical Prison ("ASMP").[13] Plaintiff did not receive surgery, but he did receive pain medication.[14]

On October 13, 2023, Plaintiff was transferred to RSP, and "immediately began feeling discomfort in his back and spine area."[15] Plaintiff had a medical visit with an unnamed nurse practitioner who he told about his pain and asked for a muscle relaxer.[16] The nurse practitioner told Plaintiff she reviewed his medical records and concluded that

---

[8] Complaint [Doc. 1 ¶¶ 1, 14].
[9] *Id.* ¶ 6.
[10] *Id.* ¶¶ 11, 12.
[11] *Id.* ¶ 12.
[12] *Id.*
[13] *Id.* ¶ 13.
[14] *Id.* ¶¶ 13, 19, at p. 7.
[15] *Id.* ¶ 14.
[16] *Id.*

he did not need any medical treatment or orthopedic surgery.[17] Plaintiff alleges Defendants refused to give him x-rays or MRIs "due to the costs,"[18] a nurse practitioner informed Plaintiff that Defendants would not pay for his orthopedic surgery,[19] and unknown medical staff informed Plaintiff that Defendants "never pay[] for surgery."[20] Plaintiff alleges Defendants "never took any steps to allow Plaintiff" to see Doctor Warren James, who "has the final say as to who needs surgery" at RSP.[21] Plaintiff alleges Defendants refused to provide him with pain medication despite knowing he was in pain.[22] "On several other occasions, [Defendants] and another [nurse practitioner] informed Plaintiff that he did not need surgery to repair the fractures in his back and spine despite never properly examining Plaintiff's back, spine, and neck."[23]

Plaintiff sent multiple letters, and his counsel sent an email, to Defendant Oliver about Plaintiff's need for back surgery.[24] Plaintiff contends Defendant Oliver received the letters and ignored his requests for surgery.[25] On May 8, 2024, RSP medical staff saw Plaintiff and refused to give him a prescription for a muscle relaxer.[26] Plaintiff later had

---

[17] *Id.* ¶ 15.
[18] *Id.*
[19] *Id.* ¶ 17.
[20] *Id.* at 5.
[21] *Id.* ¶ 16.
[22] *Id.* ¶ 18.
[23] *Id.* at 5.
[24] *Id.*
[25] *Id.*
[26] *Id.* at 7.

4

another appointment, where he was informed that Defendants would never pay for his surgery because of Wellpath's "Blanket Ban on spending $300,000 for Plaintiff to have surgery."[27]

Plaintiff filed suit against Defendants asserting claims for deliberate indifference to serious medical needs. Plaintiff alleges he suffers physical and emotional pain as a result of Defendants' actions and seeks monetary damages and injunctive relief.[28]

## ANALYSIS

Defendants move to dismiss Plaintiff's Complaint, arguing Defendant GDC is entitled to sovereign immunity, Plaintiff fails to state a claim on which relief can be granted against Defendant Oliver, and Defendant Oliver is entitled to qualified immunity.[29]

### I.     Georgia Department of Corrections

Under the Eleventh Amendment, "an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens."[30] "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."[31] Defendant GDC is a

---

[27] *Id.* at 8.
[28] *Id.* at 8–10.
[29] Defendants also argue Plaintiff's Complaint should be dismissed as an impermissible shotgun pleading. The Court need not address this argument because it dismisses the Complaint on other grounds.
[30] *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).
[31] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

department or agency of the State of Georgia that enjoys sovereign immunity, which the State has not waived.[32] "This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."[33] Thus, Plaintiff's claims against Defendant GDC are barred by the Eleventh Amendment.[34]

## II. Commissioner Tyrone Oliver

### a. Plaintiff Fails to State a Claim for Relief Against Defendant Oliver

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment as it constitutes the unnecessary and wanton infliction of pain.[35] To state a claim for deliberate indifference to serious medical needs under 42 U.S.C. § 1983, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."[36] To establish deliberate indifference, the plaintiff must also show that the defendant acted with "subjective recklessness as used in the criminal law."[37] To prove

---

[32] *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).

[33] *Id.* (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100).

[34] Eleventh Amendment immunity also protects state officials sued in their official capacities from claims for monetary damages. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1309 (11th Cir. 2009); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted); *Stevens*, 864 F.2d at 115) (explaining that the Eleventh Amendment bars suits against state officials acting in their official capacities, but does not bar them from suit for "prospective injunctive relief to remedy violations of federal constitutional law"). Defendant Oliver is a state official and is sued in both his individual and official capacities. Thus, Plaintiff's claims for monetary damages against Defendant Oliver in his official capacity are barred by the Eleventh Amendment.

[35] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[36] *Mann*, 588 F.3d at 1306–07.

[37] *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (citations omitted).

6

subjective recklessness, "the plaintiff must show that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm—with the caveat that, in any event, a defendant who 'respond[s] reasonably' to a risk, even a known risk, 'cannot be found liable' under the Eighth Amendment."[38]

Defendant Oliver argues Plaintiff's claim against him fails because the alleged facts fail to establish a causal connection between Plaintiff's injury and his actions. The Court agrees.

Plaintiff fails to plausibly allege that Defendant Oliver's actions caused Plaintiff's injuries. Supervisory officials can only be liable "under § 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violations.'"[39] "A causal connection can be established by, *inter alia*, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"[40] Plaintiff wholly fails to allege any facts sufficient to show Defendant Oliver knew anything about Plaintiff's medical care, directed anyone to unlawfully withhold medical care from

---

[38] *Id.*
[39] *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).
[40] *Id.* (quoting *Gonzalez*, 325 F.3d at 1235).

7

Plaintiff, or knew his subordinates would act unlawfully and failed to stop them.[41] In fact, Plaintiff alleges that the medical services company Wellpath—not Defendant Oliver—has a "Blanket Ban on spending $300,000 for Plaintiff to have surgery."[42] Taking this allegation as true, it was Wellpath's decision to withhold the desired surgery, not Defendant Oliver's. Thus, Plaintiff's allegations fail to establish a causal connection between Defendant Oliver's actions and Plaintiff's injuries, and Plaintiff's deliberate indifference claims against Defendant Oliver in his individual and official capacities must be dismissed for failure to state a claim upon which relief may be granted.[43]

### b. Defendant Oliver is Entitled to Qualified Immunity

"Qualified immunity protects government officials performing discretionary functions from civil trials [ ] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have

---

[41] Moreover, "[w]hen a prisoner has received medical attention, courts are reluctant to second-guess medical judgments even if there is a dispute over the adequacy of the treatment." *Brennan v. Headley*, 807 F. App'x 927, 935 (11th Cir. 2020) (citing *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)). Plaintiff alleges he has been to multiple medical appointments throughout his time in GDC custody, including at RSP, and that he has been told multiple times by medical providers that he does not need back surgery. Thus, taking these allegations as true, even if Defendant Oliver had reviewed Plaintiff's medical records, he would have seen the medical providers' opinions that Plaintiff does not need surgery. And supervisory officials, such as Defendant Oliver, are "entitled to rely on medical judgment made by medical professionals responsible for prisoner care." *Id.* at 938 (quoting *Williams v. Limestone Cnty.*, 198 F. App'x 893, 897 (11th Cir. 2006)).

[42] Doc. 1 at 8.

[43] Specifically, Plaintiff's claims against Defendant Oliver in his individual capacity and the claims for injunctive relief in both his individual and official capacity fail to state a claim for relief. As explained in footnote 34, the claims for monetary damages against Defendant Oliver in his official capacity are barred by the Eleventh Amendment. *See Mann*, 588 F.3d at 1309.

known."[44] "The immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"[45] To prove they are entitled to qualified immunity, public officials must first show they were acting within the scope of their discretionary authority when the alleged misconduct took place.[46] If proven, the burden shifts to the plaintiff to show: (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct.[47] Here Defendant Oliver was clearly acting within his discretionary authority as Commissioner of the GDC at all times relevant to Plaintiff's claims. But Plaintiff has failed to establish any violation of his Eighth Amendment rights.

Defendant Oliver is entitled to qualified immunity on Plaintiff's claim that Defendant Oliver, in his individual capacity, was deliberately indifferent to Plaintiff's serious medical needs. To state a deliberate indifference to serious medical needs claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."[48] As explained above, Plaintiff's allegations, taken as true, fail to establish that Defendant Oliver caused Plaintiff's injuries. Thus, Plaintiff has failed to establish his

---

[44] *Jordan v. Mosley*, 487 F.3d 1350, 1354 (11th Cir. 2007) (quoting *Purcell ex rel. Estate of Morgan v. Toombs County*, 400 F.3d 1313, 1319 (11th Cir. 2005)).
[45] *Id.* (quoting *Purcell*, 400 F.3d at 1319).
[46] *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).
[47] *Gilmore v. Hodges*, 738 F.3d 266, 272 (11th Cir. 2013).
[48] *Mann*, 588 F.3d at 1306–07.

constitutional rights were violated, and Defendant Oliver is entitled to qualified immunity on Plaintiff's claim against him in his individual capacity.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 12] is **GRANTED**, and Plaintiff's Complaint [Doc. 1] is **DISMISSED.** The Court **DENIES** Plaintiff's Motion to Extend Time [Doc. 15] and finds his Motions to Withdraw as Counsel and for Extension of Time [Doc. 16] are **MOOT**.

**SO ORDERED**, this 16th day of April, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
