IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY J. OLIVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:24-CV-374 (CAR) |
| v. | : | |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS and Commissioner | : | |
| TYRONE OLIVER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTIONS TO PROCEED PRO SE AND MOTION TO WITHDRAW NOTICES OF DISMISSAL

Before the Court are Plaintiff Anthony J. Oliver's[1] Motions to Proceed Pro Se and

Motion to Withdraw Notices of Dismissal. On April 16, 2025, the Court granted

Defendants' Motion to Dismiss and dismissed Plaintiff's Complaint for failing to state a

claim upon which relief could be granted.[2] Plaintiff, who is represented by counsel, had

failed to respond to Defendants' Motion to Dismiss. In its Order of dismissal, the Court

denied as moot Plaintiff's untimely motion for extension of time to respond and a motion

to withdraw as counsel, both filed by Plaintiff's counsel. Now, Plaintiff seeks to proceed

---

[1] Plaintiff Anthony J. Oliver alleges she is transgender and refers to herself using female pronouns. The Court will do the same.

[2] Order Granting Motion to Dismiss [Doc. 17].

*pro se*, withdraw two notices of voluntary dismissal filed by Plaintiff's counsel five months ago, and file an amended complaint, citing issues with his counsel.

As explained in the previous Order, granting Plaintiff an extension of time to respond to Defendants' Motion to Dismiss would have "unduly prejudice[d] Defendants by delaying the disposition of this case further."[3] Plaintiff requested to proceed *pro se* after her case was closed and four months after her response was due. The Court dismissed Plaintiff's claims on the merits; reopening the case to allow Plaintiff to file an amended complaint would unduly delay the case and thus prejudice Defendants. Further, Plaintiff has appealed the Court's grant of Defendants' Motion to Dismiss.[4]

A district court has discretion to deny a plaintiff's motion to withdraw a voluntary dismissal.[5] Here, the voluntary dismissals were filed by Plaintiff's counsel of record, and Plaintiff did not request to withdraw these dismissals until after her case was closed. The Court notes Plaintiff is a seasoned *pro se* litigant who is familiar with the litigation process and was represented by her chosen counsel during this case. Thus, the Court **DENIES** Plaintiff's Motions to Proceed Pro Se [Doc. 19, 21, 23] and Plaintiff's Motion to Withdraw Notices of Dismissal [Doc. 22].

---

[3] Order at 2 n.3.

[4] *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) ("As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal.") (citations omitted).

[5] *See Harris v. Deputy Warden of Care and Treatment*, 449 F. App'x 803, 804 (11th Cir. 2011) (holding district court did not abuse its discretion in denying *pro se* plaintiff's motion to withdraw voluntary dismissal when voluntary dismissal was without prejudice).

**SO ORDERED**, this 20th day of May, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT